# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: E.L.

No. 16-0027 (Ohio County 15-CJA-21)

## MEMORANDUM DECISION

Petitioner Mother A.L., by counsel Brent A. Clyburn, appeals the Circuit Court of Ohio County's December 18, 2015, order terminating her parental rights to four-year-old E.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the child also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in conducting an adjudicatory hearing, wherein it was determined that she abused and neglected the child, when neither she nor her attorney were present.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, the DHHR filed an abuse and neglect petition against petitioner and others. In that petition, the DHHR alleged that petitioner exposed the child to domestic violence while residing with a registered sex offender, who was also the child's paternal uncle, in a hotel in Ohio County, West Virginia. According to the DHHR, petitioner and the child had recently relocated to Ohio County from the State of Texas. The DHHR further alleged that petitioner was arrested at the hotel in Ohio County on an arrest warrant for charges pending in Texas; that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

petitioner had a history with Child Protective Services ("CPS") in Texas; and that the child's father was incarcerated on charges of sex crimes involving children, including the child here.[3] Thereafter, petitioner was appointed counsel.

In March of 2015, the matter came on for a preliminary hearing. Although still incarcerated awaiting extradition to Texas, petitioner appeared in person and by counsel. At that time, petitioner waived her right to a preliminary hearing. Petitioner also informed the circuit court that she had waived her right to challenge extradition to Texas and was scheduled to be transported to Texas in the coming days. As to petitioner's intention to resolve the Texas criminal matter while also participating in the instant abuse and neglect proceeding, petitioner's counsel stated as follows:

> [Petitioner] and I have talked about the fact that the matters in Texas need to be addressed. But also parsing that with the fact that, you know, her children—you know, that her parental rights are in jeopardy. She's got quite a juggling act to do for the foreseeable future. It is her intention to try to sort out the Texas thing . . . . But 30 days should be fine [to schedule the adjudicatory hearing] and, hopefully, if things get—if she does get extradited or is in Texas, I may make a motion. I mean, if I make a motion with regard to this case to continue it, it would just be to her prejudice, so—but because she's without her child . . . . But I think 30 days [to schedule the adjudicatory hearing] is fine[.]

Following this statement, the circuit court specifically asked each of the parties, including petitioner, whether April 2, 2015, at 2:30 p.m., would be an appropriate date for an adjudicatory hearing in this matter. Petitioner's counsel responded, "Yes, Your Honor." By order, the circuit court accepted petitioner's waiver of the preliminary hearing and scheduled the adjudicatory hearing for April 2, 2015, at 2:30 p.m. Thereafter, petitioner made no motion to continue this hearing.

On April 2, 2015, the circuit court convened the adjudicatory hearing at 2:42 p.m. Petitioner was not present in person at the hearing, notwithstanding the claim by the DHHR's counsel that she had posted bond in Texas. Petitioner's counsel was also not present at the outset of that hearing. The DHHR's counsel relayed that she had spoken with petitioner's counsel that morning at which time he informed her that he had an obligation in another county earlier that day but expected to return to Ohio County in time for petitioner's hearing. There was no other indication of when, or if, petitioner or her counsel would appear. Following a discussion of the matter, the circuit court found that it would proceed without petitioner or her counsel. In doing so, the circuit court noted that "we waited 15 minutes. I don't know how much longer I'm suppose[d] to wait."

At that hearing, the circuit court heard testimony from a law enforcement officer who testified that petitioner and the child's uncle had engaged in domestic violence, which included

---

[3]While somewhat unclear from the record on appeal, it appears that petitioner's arrest warrant in Texas related to her failure to appear to testify in a criminal proceeding against the child's father.

petitioner biting the child's HIV-positive uncle hard enough to draw blood, in the presence of the child, and evidence that prescription pain medication was found in the hotel room that was not prescribed to either petitioner or the child's uncle.

A CPS worker also testified in support of the allegations in the petition. Following her direct testimony, the circuit court ordered a short recess because he had received a message from petitioner's counsel that he would arrive shortly. Upon his arrival, petitioner's counsel explained that he had been in court in Marshall County, which had adjourned later than he anticipated. He further explained that he had attempted to contact his client while she was incarcerated in Texas and following her "recent" release, but he had not spoken with her since the time of the preliminary hearing. When asked if he had any cross-examination questions for the CPS worker, he stated, "No, I don't have any questions."

At the conclusion of that hearing, the circuit court found that petitioner had abused and neglected the child by exposing her to domestic violence, a sex offender, and controlled substances resulting in her arrest and separation from the child. A dispositional hearing was scheduled for June 3, 2015.

In May of 2015, petitioner, by counsel, moved to continue the June 3, 2015, dispositional hearing. In that motion, she claimed to have resolved the Texas criminal charges, but she also claimed to be stranded in Texas until June 4, 2015, when she could arrive in Ohio County by bus. The circuit court ruled that it would not grant a continuance, but it would allow petitioner to appear by telephone.

On June 3, 2015, the circuit court held the first dispositional hearing. Petitioner appeared by telephone from a bus station in Dallas, Texas, in transit to Ohio County. Petitioner renewed her motion to continue and also moved for a post-adjudicatory improvement period. Given petitioner's estimated time of arrival in Ohio County the next day, the circuit court granted petitioner's renewed motion for a continuance. The circuit court scheduled a hearing on June 10, 2015, to consider petitioner's motion for an improvement period and/or disposition, in the event she did not receive an improvement period.

On June 10, 2015, and June 26, 2015, the circuit court held two hearings on petitioner's motion for an improvement period and/or final disposition. Petitioner was present in person and by counsel. At those hearings, petitioner attempted to demonstrate that she would comply with an improvement period and that termination was not necessary. However, the circuit court agreed with the DHHR and guardian that termination was necessary under the facts of this case. As such, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights to the child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether

3

such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner argues that the circuit court erred in conducting an adjudicatory hearing, and in finding abuse and neglect based on evidence presented at that hearing, when neither she nor her counsel were present. Petitioner claims that the circuit court's decision to proceed with that hearing violated her statutory and constitutional rights to counsel and to a meaningful opportunity to be heard. Following a thorough review of the parties' arguments and the record on appeal, we find no error.

Petitioner correctly asserts that parents in proceedings to terminate parental rights enjoy the right to fundamentally fair procedures and to due process of law. *See Santosky v. Kramer*, 455 U.S. 745, 754, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (requiring State to provide parents fundamentally fair procedures and due process of law in proceedings to terminate parental rights); Syl. Pt. 1, *In re Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1973) (holding parental custody of minor child is fundamental personal liberty protected and guaranteed by Due Process Clauses of West Virginia and United States Constitutions); *see also* Syl. Pt. 6, *In re Elizabeth A.*, 217 W.Va. 197, 617 S.E.2d 547 (2005) (holding that "where it appears from the record that the process established by [West Virginia's child abuse and neglect law] . . . has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process[.]").

To that end, Chapter 49 of the West Virginia Code provides parents with certain protections in abuse and neglect proceedings in this State, including counsel at every stage of the proceedings (appointed by the court if the parents cannot afford the same); notice of hearings; and a meaningful opportunity to be heard. *See* W.Va. Code § 49-4-601(f) (providing "[r]ight to counsel—(1) In any proceeding under this article, the child, his or her parents . . . ha[ve] the right to be represented by counsel at every stage of the proceedings and shall be informed by the court of their right to be so represented and that if they cannot pay for the services of counsel, that counsel will be appointed."); *id.* § 49-4-601(e) (providing "[n]otice of hearing . . . (5) A notice of

4

hearing shall specify the time and place of the hearing"); *id*. § 49-4-601(h) (providing "[r]ight to be heard—In any proceeding pursuant to this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses").

In this case, it is undisputed that petitioner received appointed counsel prior to the preliminary hearing held in March of 2015 and that her counsel continued to represent her throughout the entirety of these proceedings. It is also undisputed that she received notice of the adjudicatory hearing scheduled for April 2, 2015, as noted by her counsel's express verification of that date and time in her presence at the preliminary hearing and as directed by the circuit court's order regarding the preliminary hearing. While petitioner claims that she was denied a meaningful opportunity to be heard at the April 2, 2015, hearing when the circuit court proceeded without her or her counsel, the record on appeal reveals that she was given such an opportunity but failed to seize it. She failed to appear at, and her attorney arrived late to, a properly noticed hearing. At no time between the preliminary hearing and the April 2, 2015, hearing did she file a motion to continue or to otherwise extend or delay that hearing.[4] Petitioner's counsel clearly understood that such a motion might be necessary given his statement at the preliminary hearing regarding his ability to do so if the circumstances warranted. Further, petitioner's counsel was given the opportunity to cross-examine the CPS worker and provide witnesses or other evidence, but he declined to do so. Therefore, for those reasons, we find no violation of petitioner's rights to notice, counsel, or an opportunity to be heard.

Further, petitioner's counsel appears to argue that the circuit court erred in proceeding without him because he was in another court in a different jurisdiction. In support of this contention, petitioner's counsel concludes in his brief that "when . . . there are two (2) abuse and neglect proceedings taking place around the same time but in separate counties, the case which is scheduled earlier, it would be assumed, receives priority." We direct petitioner's counsel to Rule 5.04 of the West Virginia Trial Court Rules:

> Notice of Conflict – It shall be the duty of an attorney upon learning of an imminent scheduling conflict to give written notice to opposing counsel, the clerks of all courts, and the presiding judges, if known, in all cases, stating therein the circumstances above relevant to a resolution of the conflict under these rules.

When an attorney learns of a scheduling conflict, the impetus is upon that attorney to provide proper written notice as directed by Rule 5.04. Upon our review, we find no error in this matter where petitioner's counsel appears to have known of the potential scheduling conflict on the morning of April 2, 2015, (as he informed DHHR's counsel), but he failed to provide the circuit court with any notice of the issue—written or otherwise—and further failed to request a continuance or other delay from the circuit court as a result of that conflict.

---

[4]Even if petitioner had filed a motion to continue based on her criminal proceedings in Texas, we note that Rule 5 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[u]nder no circumstances shall a civil protection proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings."

Based on the circumstances of this case, we find that the circuit court committed no error. The circuit court in no way prevented petitioner or her counsel from appearing at the properly noticed April 2, 2015, hearing or from challenging the evidence presented. To the contrary, the circuit court delayed the start of the proceedings in order to provide petitioner and her counsel more time to appear; when her counsel relayed to the circuit court's office that he was in route, the circuit court took a recess in the proceedings to await his arrival; and, upon that arrival, the circuit court permitted her counsel to cross-examine the DHHR worker and present any additional evidence as necessary.

For the foregoing reasons, we find no error in the circuit court's December 18, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II